McDANIEL *et al. v.* LATHAM.*

(Division A.   Oct. 4, 1926.)

[109 So. 671.   No. 25808.]

LIS PENDENS.
    Under Hemingway's Code, section 2502 (Code 1906, section 3151), *lis pendens,* provided by section 2499 (Code 1906, section 3148), and not the bill, is notice to persons having no actual notice, so that, such notice misdescribing the land, there is no constructive notice.

---

*Corpus Juris-Cyc References: *Lis Pendens,* 38CJ, p. 30, n. 4; p. 36, n. 9.

APPEAL from chancery court of Pontotoc county.
HON. ALLEN COX, Chancellor.
Suit by T. L. McDaniel and others against E. D. Latham. From an adverse decree, plaintiffs appeal. Affirmed.

*G. L. Jones,* for appellant.

*Lis pendens* in a general sense means a controversy or dispute *in pais;* but specifically it is used to denote an action or suit in court. The term *lis pendens,* however, means always a pending suit in court and has no application to a controversy which has not yet become the subject matter of litigation. It is often used by the courts as a substitute for the equivalent English expression, pending suit. 21 Am. & Eng. Ency. Law (2 Ed.), p. 594.

The purpose and general scope of the statute is to give notice of a suit. The statutory notice of pendency is not constructive notice, like the record of a deed or mortgage under the recording acts, but is merely a memorandum of a pending action or suit affecting real estate and the parties thereto, third persons being left to examine to see if there is a *lis pendens.*

Notice of the pendency of the suit by Mrs. P. E. McDaniel, appellant, and all the facts touching it, which an inquiry would have disclosed are chargeable to all third parties. *Smith* v. *Munger,* 93 Miss. 627. The bill filed by Mrs. McDaniel to enforce her vendor's lien properly described the land in question and referred to the recorded instrument which also described the land in question. *Allen* v. *Poole,* 54 Miss. 333.

Section 2499, Hemingway's Code, gives the requirement and manner of filing *lis pendens* notice. If the parties had examined the *lis pendens* record and followed up the information referred to, in the suit filed, they would have found all needed information both in the bill filed and the instrument.

*Mitchell & Mitchell,* for appellee.

A notice which described the land in the *northeast* one-fourth is no notice of the pendency of an action as to land in the *southeast* one-fourth. There is a total absence

of any evidence, circumstantial or otherwise, to indicate that a party or purchaser, examining this record, would have the slightest reason to believe or to have any suspicion that the land actually in controversy in said suit was the land intended to be described in the *lis pendens* notice.

The purpose of the statute is to abrogate the common-law rule that a suit pending is, of itself, notice to all of the subject matter in controversy and to substitute in lieu thereof the necessity of filing a notice in the records; such notice to describe the property involved in the litigation. A party is not required to look further than the *lis pendens* record for a description of the property involved, unless there is some circumstance otherwise that puts him upon notice or inquiry as to the property involved. Such is not the case here. See 38 C. J., p. 11, section 10 and p. 36, section 59.

McGowen, J., delivered the opinion of the court.

We content ourselves in this case with saying that the facts on the issue of inadequacy of price, and fraud in and about the sales of the lands in controversy are sharply controverted, and the chancellor who tried the case in the court below had the witnesses before him, saw and heard their manner of delivering the testimony, and we do not feel that we would be warranted in saying that he was manifestly wrong in his finding on the facts.

One question only is presented to us for decision. The land in controversy is correctly described in the bill as the south one-half of the southeast quarter of section 19, township 9, range 2, in Pontotoc county, Miss. This bill having been filed to set aside a sale of these lands for the reasons above stated, which has failed, it now develops that the trustee, after conducting the sale under the mortgage, had in his hands seventy-nine dollars and twenty-five cents, which the chancellor properly ordered paid to A. C. Humphries, who held a mortgage executed to C.

J. Morris, subject to the execution and recordation of the mortgage foreclosed in favor of Latham.

After Mrs. Moody had executed the mortgage foreclosed to E. D. Latham as beneficiary, she executed a warranty deed to C. J. Morris, only a few days intervening, which warranty deed recited a consideration of five hundred dollars. Subsequently Mrs. Moody, now McDaniel, on April 14, 1917, filed a bill against Morris, to enforce a vendor's lien for the amount named as the consideration of the deed, and in the bill correctly described the land above mentioned, and on the same date she filed a *lis pendens* notice with the chancery clerk, describing the land as of the south one-half of the northeast quarter of section 19, township 9, range 2, as being the land on which she was seeking to enforce a vendor's lien as against Morris. It will be remembered that the trustee who foreclosed Latham's mortgage was not a party to the proceeding filed by Mrs. Moody against her relative, Morris. The bill was filed in 1916 to enforce the vendor's lien, and this record does not disclose that any steps were ever taken thereafter.

There is no question here but that the *lis pendens* notice incorrectly described the lands as being in the northeast quarter, when in truth and in fact the lands are in the southeast quarter, of a certain quarter section, etc., and counsel contends that, having correctly described the lands in the original bill, it was the duty of any person to examine, not only the *lis pendens* notice, but the original bill upon which the *lis pendens* notice was based. To this we cannot assent; the statute constitutes the *lis pendens,* notice, and not the bill, excepting, of course, where there is actual notice. Section 2502, Hemingway's Code (section 3151, Code of 1906), is controlling here, and is as follows:

"*Effect of Failure to Enter Notice.*—If a person beginning any such suit, by declaration, bill, or cross-complaint affecting, or if an officer levying any process upon real estate, shall fail to have the required notice entered

in the *lis pendens* record, such suit or levy shall not affect the rights of *bona-fide* purchasers or incumbrancers of such real estate, unless they have actual notice of the suit or levy.''

Section 2499 (Code 1906, section 3148) requires that *''a description of the real estate,''* together with ''a brief statement of the nature of the lien, right, or interest sought to be enforced,'' *shall* be filed with the clerk of the chancery court. There is no proof here to sustain any claim that there was any actual notice to the trustee or Latham of this pending suit in 1916, and they are only bound by section 2502. The land being incorrectly described in the *lis pendens* notice, it would be idle to say, from a reading of the above section, that one is bound other than by the *lis pendens* notice, in view of the plain stipulations of the statute.

The lands in controversy here not being correctly described in the *lis pendens* notice, we think the chancellor was correct in holding that the payment to the record incumbrancer was properly made by the trustee, there being no actual notice, without raising any question as to whether there was ever any process on the bill filed at the time the *lis pendens* notice was filed, or the good faith of that suit.

*Affirmed.*